**DAVID J. HOLDSWORTH** (4052)
Attorney for Plaintiff
9125 South Monroe Plaza Way, Suite C
Sandy, UT 84070
Telephone (801) 352-7701
Facsimile (801) 567-9960
david_holdsworth@hotmail.com

FILED US District Court -UT
FEB 19 '20 PM 02:57

**RECEIVED CLERK**

**FEB 1 4 2020**

U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | | |
|---|---|---|
| MONICA CESPEDES, | : | **COMPLAINT** |
| | : | **(JURY TRIAL DEMANDED)** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Case: 2:20-cv-00098 |
| APARTMENT MANAGEMENT | : | Assigned To : Barlow, David |
| CONSULTANTS, LLC, | : ( | Assign. Date : 2/14/2020 |
| | : | Description: Cespedes v. Apartment |
| Defendant. | : F | Management Consultants |

COMES NOW, Monica Cespedes, Plaintiff herein, complains of

Defendant Apartment Management Consultants, LLC, demands trial by jury, and, as

and for causes of action, alleges as follows:

**PARTIES**

1.      Plaintiff Monica Cespedes (hereinafter "Plaintiff") is a citizen of

the United States and a resident of the State of Utah.

2.      The entity named as Defendant herein is Apartment Management

Consultants, LLC.  At all times relevant hereto, Apartment Management Consultants,

LLC (hereinafter "Defendant"), employed 15 or more employees and was an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.

3. On December 16, 2015, Plaintiff filed a Charge of Discrimination with the Utah Labor Commission Antidiscrimination Division in which she alleged that Defendant had discriminated against her based on her gender and age.

4. Plaintiff filed her Charge of Discrimination within 180 days from the last date of the alleged harm. Thus, all jurisdictional requirements have been met as required by Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as amended.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction based on federal question — namely, the application and interpretation of Title VII and the ADEA. Plaintiff alleges Defendant took adverse actions against her, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as amended, which provide that it is unlawful to discriminate against an employee in her employment on the basis of her gender and age.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that the claims arose in the State of Utah, Apartment Management Consultants

employed Ms. Cespedes in the State of Utah; all of the employment practices alleged

herein occurred within the State of Utah; and the relevant employment records are

maintained in the State of Utah.

## STATEMENT OF FACTS

7.    Plaintiff incorporates by this reference all allegations listed in

paragraphs 1 through ____ above as if alleged in full herein.

8.    Plaintiff alleges that she was hired by Defendant in 2009 to work

as a maintenance supervisor for one of Defendant's specific properties (known as "City

Park").

9.    Plaintiff alleges her performance as a maintenance supervisor was

fully satisfactory.

10.    Plaintiff alleges that, during the period of her employment with

Defendant, she was the only female maintenance supervisor in the company and that all

the other maintenance supervisors were male.

11.    Plaintiff alleges that, while she worked at City Park, her

immediate supervisor was Jebsalem Colon ("Jessie").  Plaintiff also alleges that her

second level supervisor, Kris _____, Regional Manager (and Jessie's boss), did

not like Plaintiff because Plaintiff was a female employee and that Kris _____

was uncomfortable in having a female employee be a maintenance supervisor in what was traditionally a male-oriented and dominated occupation.

12.     Plaintiff alleges that in July of 2015, she approached her supervisor, Jessie, and requested to use some of the vacation days she had accrued to take a vacation and to cover her contemplated period of absence from October 19, 2015 through to October 28, 2015.

13.     Plaintiff alleges that, to document her request to use vacation days, she duly filled out an AMC Time Off Request Form for such dates, and submitted it to her manager.  Plaintiff alleges that her manager approved the same.

14.     Plaintiff alleges that, in October 2015, in accordance with her previously approved request for time off, she took vacation days from October 19, 2015 through October 28, 2015.  Plaintiff alleges that when she returned to work on October 29, 2015, she received a phone call from her home stating that her "final pay check" had arrived in the mail.

15.     This news caused Plaintiff great shock as she had been under the impression that she had been approved for days off from October 19, 2015 through October 28, 2015.  Plaintiff alleges that she soon discovered that Defendant had terminated her employment supposedly because she had been absent from work on October 26, 2015 to October 28, 2015.

4

16.     Plaintiff alleges such reason for the termination was based on incorrect information and was pretextual and that the real and true reason for the Defendant's action in terminating her employment had to do with her gender and age.

17.     Plaintiff alleges the company's explanation for such termination is pretextual on several grounds, including:

(a)     There was no performance basis for the termination;

(b)     The process for requesting time off requires an employee to fill out a time off request form and turn it in to their manager.  Plaintiff alleges that, on July 14, 2015, Plaintiff did turn in a time off request sheet for October 19 to October 28, 2015 and that such request was approved by an authorized company agent;

(c)     Plaintiff alleges that, on October 16, 2015, Plaintiff reminded her new supervisor,  Chellci Berry ("Berry"), that she would be "out all next week for vacation" referring to the period of October 19, 2015 to October 28, 2015.  Plaintiff alleges Berry did not question this and so was not concerned when Plaintiff was absent the following week;

(d)     Plaintiff alleges that, on October 26, 2015, Plaintiff did not come in to work because she was still on her authorized vacation until October 28, 2015.  Nevertheless, on October 26, 2015, Berry apparently notified Chantell

5

Lavalaivs ("Lavalaivs") that Plaintiff had not come in to work that day.  Rather than contact or to try to contact Plaintiff, Defendant apparently assumed Plaintiff was a "no-call/no-show" and terminated her employment;

   (e) Plaintiff alleges that she followed the appropriate process to request vacation leave.  Plaintiff filled out a vacation time request form.  Her manager approved her request.  Plaintiff reminded her new supervisor of her planned dates of vacation, yet, without any effort to contact Plaintiff, Defendant deemed Plaintiff to have incurred three consecutive days of no-call/no-shows (on the second day) and terminated her employment;

   (f) Plaintiff alleges that, in terminating her employment, Defendant violated its own policy in that Defendant's policy is that a no-call/no-show for three consecutive days (without any excuse or approved leave) is grounds for termination, but that she did have approval for her absences and that, in any event, Defendant did not wait the three consecutive day period before terminating her employment;

   (g) Plaintiff alleges that her final pay check had been dated October 27, 2015, before the passage of the three-day period;

   (h) On information and belief, Plaintiff alleges that Defendant gave male employees and younger employee preferential treatment with respect

to use of vacation time and absences from work (whether excused or unexcused).

18.     Plaintiff alleges the facts listed above support an inference that the Defendant's explanation for terminating her employment is pretextual.  Plaintiff alleges that the facts listed above and additional facts support an inference of a discriminatory intent in that:

      (a)      she was performing her job in a full satisfactory manner;

      (b)      she had no prior disciplinary record;

      (c)      she was on an approved leave;

      (d)      the Defendant made no effort to contact her, even though she was at home with family members who had come from out of town to visit her;

      (e)      the Defendant gave her no warnings;

      (f)      the Defendant did not make any effort to provide her with any type or level of progressive discipline;

      (g)      on information and belief, Plaintiff alleges that, at the time Defendant terminated her employment, the company was downsizing and looking to rid itself of higher paid employees and that because she was relatively

highly paid and female and at or even the age of 40, the Defendant viewed her as more expendable than male and younger employees;

(h)     the Defendant did not comply with its own policy on job abandonment, did not wait for the three days to elapse, but dated a last paycheck on October 27, 2015 and decided to terminate her employment no later than October 27, 2015;

(i)     when, after Plaintiff found out that she'd been terminated, and contacted the Defendant to explain that she'd been on approved vacation leave, the Defendant refused to admit its mistake, reconsider its decision, or reinstate her;

(j)     on information and belief, Plaintiff alleges the Defendant has treated similarly situated male and younger employees more favorably.

19.     Accordingly, Plaintiff alleges such evidence as to the circumstances surrounding the adverse employment action give rise to an inference of discrimination on the basis of gender and age.

20.     Accordingly, Plaintiff alleges her termination was not due to the asserted "no-call/no-show", but due to her gender and age.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### DEFENDANT DISCRIMINATED AGAINST PLAINTIFF

8

## WHEN IT TERMINATED HER BASED ON HER GENDER

21.     Plaintiff incorporates by this reference all allegations listed in

paragraphs 1 through ___ above as if alleged in full herein.

22.     In order to establish a case of discrimination based on gender,

Plaintiff must establish that: (1) she is a member of a protected class; (2) she was

qualified for the position she held; (3) Defendant subjected her to an adverse

employment action; and (4) the circumstances surrounding the adverse action give rise

to an inference of discrimination on the basis of gender.

23.     Plaintiff is female and a member of a protected class.

24.     Neither party disputes that Plaintiff was qualified for the position

she held.

25.     On October 27, 2015, Defendant subjected her to an adverse

employment action when Defendant terminated Plaintiff's employment.

26.     In regards to the final element of her prima facie case, the Plaintiff

alleges the facts set forth above support an inference that the Defendant's explanation

for terminating her employment is pretextual.  Plaintiff alleges that the facts listed

above support an inference of a discriminatory intent in that:

      (a)     she was performing her job in a full satisfactory manner;

      (b)     she had no prior disciplinary record;

(c)     she was on an approved leave;

(d)     the Defendant made no effort to contact her, even though she was at home;

(e)     the Defendant gave her no warnings;

(f)     the Defendant did not make any effort to provide her with any type or level of progressive discipline;

(g)     on information and belief, Plaintiff alleges that, at the time Defendant terminated her employment, the company was downsizing and looking to rid itself of higher paid employees and that because she was relatively highly paid and female, the Defendant viewed her as more expendable than male employees;

(h)     the Defendant did not comply with its own policy on job abandonment, did not wait for the three days to elapse, but dated a last paycheck on October 27, 2015 and decided to terminate her employment no later than October 27, 2015;

(i)     when, after Plaintiff found out that she'd been terminated, and contacted the Defendant to explain that she'd been on approved vacation leave, the Defendant refused to admit its mistake, reconsider its decision, or reinstate her;

(j)     on information and belief, Plaintiff alleges the Defendant

has treated similarly situated male employees more favorably.

27.    Accordingly, Plaintiff alleges the evidence as to the circumstances

surrounding the adverse employment action give rise to an inference of discrimination

on the basis of gender.

## SECOND CAUSE OF ACTION
## DEFENDANT'S DECISION TO TERMINATE
## PLAINTIFF'S EMPLOYMENT WAS MOTIVATED BY HER AGE

28.    Plaintiff incorporates by this reference all allegations listed in

paragraphs 1 through ___ above as if alleged in full herein.

29.    In order to establish a case of discrimination based on age,

Plaintiff must establish that: (1) she is a member of a protected class; (2) she was

qualified for the position she held; (3) Defendant subjected her to an adverse

employment action; and (4) the circumstances surrounding the adverse action give rise

to an inference of discrimination on the basis of age.

30.    At all times relevant hereto, Plaintiff was 40 years old and was a

member of a protected class.

31.    Neither party disputes that Plaintiff was qualified for the position

she held.

11

32.     On October 27, 2015, Defendant subjected her to an adverse employment action when it terminated Plaintiff's employment.

33.     In regards to the final element of her prima facie case, Plaintiff alleges the facts set forth above support an inference that the Defendant's explanation is pretextual.  Plaintiff alleges that the facts listed above support an inference of a discriminatory intent in that:

      (a)     she was performing her job in a full satisfactory manner;

      (b)     she had no prior disciplinary record;

      (c)     she was on an approved leave;

      (d)     the Defendant made no effort to contact her, even though she was at home;

      (e)     the Defendant gave her no warnings;

      (f)     the Defendant did not make any effort to provide her with any type or level of progressive discipline;

      (g)     on information and belief, Plaintiff alleges that, at the time Defendant terminated her employment, the company was downsizing and looking to rid itself of higher paid employees and that because she was relatively highly paid and female, the Defendant viewed her as more expendable than male employees;

(h)     the Defendant did not comply with its own policy on job abandonment, did not wait for the three days to elapse, but dated a last paycheck on October 27, 2015 and decided to terminate her employment no later than October 27, 2015;

(i)     when, after Plaintiff found out that she'd been terminated, and contacted the Defendant to explain that she'd been on approved vacation leave, the Defendant refused to admit its mistake, reconsider its decision, or reinstate her;

(j)     On information and belief, Plaintiff alleges the Defendant has treated similarly situated younger employees more favorably.

34.     Accordingly, Plaintiff alleges such evidence as to the circumstances surrounding the adverse employment action give rise to an inference of discrimination on the basis of age.

### IV.  DAMAGES

35.     Plaintiff alleges Defendant's actions and inactions have caused her various losses, injuries and other damages, including lost wages, lost benefits, financial stress, emotional distress and other damages.  She lost her job, which paid her $22.40 an hour, plus bonuses.  From October 27, 2015 to June 13, 2016, Plaintiff was

unemployed.  She also lost benefits, including vacation days, sick days, medical insurance, dental insurance, and vision insurance.

## V.  RELIEF REQUESTED

Accordingly, based on the above allegations, claims and damages, Plaintiff requests all appropriate relief, and specifically, an Order and Judgment:

1.   Declaring that Defendant discriminated against Ms. Cespedes on the basis of her gender and age, in violation of Title VII of the Civil Rights Act, and the ADEA;

2.   Awarding Ms. Cespedes "make whole" relief, by — namely, awarding Ms. Cespedes lost wages and benefits from the time Defendant terminated Ms. Cespedes' employment until Ms. Cespedes secures comparable employment, or for a period of five years, whichever occurs first;

3.   Awarding Ms. Cespedes her reasonable attorney's fees and costs;

4.   Awarding Ms. Cespedes such other relief as may be just and equitable.

DATED this 11th day of February, 2020.

/s/ David J. Holdsworth
David J.  Holdsworth

14

*Attorney for Plaintiff*